**BAO CHAI WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2762–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 25, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Michael Brown, New York, New York, for Petitioner.

Matthew D. Orwig, United States Attorney, Paul Naman, Assistant United States Attorney, Beaumont, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Bao Chai Wang, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Gabriel Videla's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews de novo questions of law regarding " 'what evidence will suffice to carry any asylum applicant's burden of proof.' " Islami v. Gonzales, 412 F.3d 391, 396 (2d Cir.2005) (quoting Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 146 n. 2 (2d Cir.2003)). This Court reviews agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ With respect to Wang's student democracy movement claim, the IJ determined that he did not establish past persecution. While no court has established a minimum threshold of harm that an asylum applicant must show in order to establish past persecution, all courts, including this one, require that the alleged harm be severe. Ai Feng Yuan v. U.S. Dep't of Justice, 416 F.3d 192, 198 (2d Cir.2005). Here, Wang was briefly detained and interrogated, but he was not physically harmed; the IJ was therefore reasonable in determining that his treatment by the Chinese police did not rise to the level of past persecution.

■ The IJ also determined that Wang did not present a credible claim of fear of future persecution, because he could relocate within China, and because he omitted a material fact from his supplement asylum statement. Here, Wang testified that he was involved in the student democracy movement only at the local county level, and acknowledged that the local participation prevented interest by national authorities. See 8 C.F.R. § 1208.13(b)(1)(i)(B) (mandating discretionary denial of asylum to applicant who has shown past persecution if the applicant could avoid future persecution by relocating to another part of the country, and "if under all circumstances it would be reasonable to expect the applicant to do so"); 8 C.F.R. § 1208.13(b)(2)(ii) (providing that such applicants have no well-founded fear of persecution). Whether or not this would furnish a valid or sufficient basis in itself, the omission constitutes substantial evidence. Wang testified that when his wife went to the village office to register their second daughter, an official threatened that if Wang ever returned to China, he would be arrested for his activities in the student democracy movement-a threat

he omitted from his supplemental statement, written in August 1998. When queried, Wang explained that he did not know the details at the time it was written; he also stated that he forgot. Because the omission goes to the heart of Wang's claim of fear, the IJ was reasonable in relying on it to find the claim not credible. *See Wu Biao Chen v. INS,* 344 F.3d 272, 274–75 (2d Cir.2003) (determination supported by inconsistencies and omissions regarding applicant's alleged pro-democracy activities).

The IJ found that Wang's claim of his wife's forcible sterilization was not credible. While the finding regarding Wang's request that his wife remove her IUD was speculative, the IJ reasonably relied on testimonial inconsistencies regarding when and how the IUD was removed as a basis for the adverse credibility finding. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). The IJ also reasonably relied on country condition material that contradicted Wang's claim of his wife's forcible sterilization. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).